## STERLING REMEDY CO. v. GOREY.

(Circuit Court, N. D. Ohio, E. D. July 1, 1901.)

### No. 6,071.

**1. UNFAIR COMPETITION—IMITATION OF NAME AND PACKAGE.**

Where there are strong resemblances between the name and dress of the goods of defendant and complainant, which are more observable to an ordinary purchaser than the differences, and no sufficient reason for such resemblances appears, the presumption is that they were intended to confuse and deceive purchasers; and the fact that there are differences which appear on a comparison is not a defense to a suit for unfair competition.[1]

**2. TRADE-NAME—DESCRIPTIVE TERM—"CASCARA."**

The word "Cascara," which is the name of a drug generally known, cannot be monopolized as a trade-name, but may be used by any one in connection with any preparation of which it is properly descriptive.[2]

In Equity. Suit for unfair competition. On final hearing.

Frank F. Reed and Edward S. Rogers, for complainant.
R. J. Gorey, in pro. per.

WING, District Judge. It appears from the proof in this case that the complainant, the Sterling Remedy Company, shortly before the year 1895, introduced into the market a laxative remedy containing the drug called in Spanish "cascara sagrada," meaning "bitter bark," combined with other ingredients calculated to produce the purgative or laxative effect upon persons using the remedy. The remedy was made up into dark brown, flat, slightly elongated, octagonal tablets, upon which, in a raised form, were the initials "C. C. C." These tablets were put up in rectangular tin boxes, with rounded corners, the boxes having a gray-colored background. The boxes were lithographed in this color, with gilt and blue letterpress work. The name most prominently appearing in this letter press was "Cascarets," with underneath, in gilt and somewhat similar letters, "Candy Cathartic." There was other lettering upon the box in smaller type. The proof further shows that the defendant is a lawyer, and that in the year 1900 he prepared to make sales of cathartic remedies in a way which the complainant says is unfair, and which operates as an invasion of rights in business which it has acquired by extensive advertising. I need not go closely into the matter of the comparison between the boxes and the tablets sold by the defendant and those introduced to the market prior thereto by the complainant. When a box sold by the defendant is compared with that introduced by the complainant, such dissimilarities appear that there would be no difficulty in distinguishing the one from the other. There are similarities of effect upon the observer produced by the markings of the two boxes, and the ways in which they are

[1] Unfair competition in trade, see notes to Scheuer v. Muller, 20 C. C. A. 165; Lare v. Harper, 30 C. C. A. 376.

[2] What names subject to exclusive use, see note to Kathreiner's Malzkaffee Fabriken Mit Beschraenkter Haftung v. Pastor Kneipp Medicine Co., 27 C. C. A. 357.

advertised for sale and presented to the public. The defendant, I think, studied to so prepare his boxes and their contents that confusion would arise, which would result in the purchase of a box of the defendant's medicine by one who had become favorably disposed towards the use of the remedy introduced by the complainant. The phrase "Candy Cathartic," I think, is a fancy name, and, when used with the word "Cascarets," forms an alliterative combination of words which is catchy, and has a tendency to leave an impression in the mind of one whose attention has been called to it by either hearing the phrase or seeing the advertisement. The defendant has used this same alliterative combination, evidently with a view of getting the advantage of whatever impression a similar combination of words had made by reason of the complainant's advertisements, and introduction to the trade of its product. It was not necessary for the defendant to use this arrangement. To be sure, he uses the word "Cascara" instead of "Cascarets." I cannot escape the impression, from all of the evidence, that Gorey studied to so prepare his tablets, which are in the exact similitude of the complainant's with the exception of one letter, "G," and put them in boxes of exactly the same shape as the complainant's, boxes of a color nearly the same, with lithograph work of the same general appearance, for the purpose of taking unfair advantage of the complainant. I think that his purpose was to create a similarity, and to thus take advantage of the established trade of the complainant. Whatever differences exist (and it must be admitted that upon close comparison there are many) between the package used by the defendant and that introduced by the complainant were concessions to expediency by the defendant, with a view of using such differences as a ground of escaping the appropriate remedy, when invoked by the complainant, against unfair methods. I think the case comes fairly within the ruling laid down by his honor Judge Lurton in Paris Medicine Co. v. W. H. Hill Co., 42 C. C. A. 227, 102 Fed. 148, in the first paragraph of the syllabus. In this case, as in the one referred to, I think, while there are differences between the packages, the differences are less observable than the resemblances. Unless the defendant intended to infringe upon the rights of the complainant, he has gone to extraordinary pains in imitating the package of the complainant for no purpose. If he intended to build up a trade for himself, he has much limited his chances of success by starting out with a package in form, color, and arrangement of print so similar to those already introduced by the complainant. It will necessitate a much larger expenditure of money in the way of advertising to give individuality to his wares than it would had he started with a subject-matter which had an individuality of its own. The word "Cascara" is the name of a drug generally known as a good laxative, and the defendant should not be enjoined from using that name. The phrase "Candy Cathartic," I think, is a fancy name, which has been appropriated by the complainant, and the defendant should not be permitted to use that or its plural. The defendant may sell tablets which are compounds of cascara, and, in appropriately naming them, he may use the word

"Cascara," and the decree of injunction in this case must not be so sweeping as to prevent the defendant from so doing. But he must not continue in the line of conduct which he is now pursuing, and, since he has disclosed an intention to introduce his remedy to the public dressed in a similar guise to that used by the complainant for its article, he must be enjoined from further so doing. Counsel for the complainant may draw a decree in accordance with these suggestions, which will be inspected by the court.